Sucesores de L. Villamil & Co., demandante y apelante, *v.* Juan G. Gallardo, Tesorero de Puerto Rico, demandado y apelado.

No. 4837.—*Sometido:* Enero 23, 1930. *Resuelto:* Julio 21, 1930.

*Luis Muñoz Morales,* abogado de la apelante; *Attorney General James R. Beverley* y *A. Ortiz Toro,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El presente es un caso sobre devolución de contribuciones pagadas bajo protesta. La demandante, una sociedad mercantil residente en San Juan, alegó en su demanda que el 24 de junio de 1920 presentó su declaración de ingresos por el año social de abril 1, 1919, a marzo 31, 1920, y con arreglo a ella hizo el Tesorero la liquidación de ingresos sujetos al pago de contribución; que la demandante pidió reconsideración y estando aún en trámites un recurso de alzada que esta-

bleciera para ante la Junta de Revisión e Igualamiento, se decretó por la Asamblea Legislativa de Puerto Rico la Ley No. 43, aprobada el 1 de julio de 1921, titulada "Ley de contribuciones sobre ingresos"; que con tal motivo se suspendió todo procedimiento y el 9 de septiembre de 1921 el Tesorero notificó a la demandante que de conformidad con el artículo 42 de la indicada ley y los datos contenidos en su declaración, su caso quedaba liquidado así:

1. Ingreso neto_____ $122, 882. 96
2. Capital invertido_____ 272, 138. 54
3. Contribución a pagar_____ 10, 537. 80;

que contra esa liquidación se alzó la demandante para ante la junta y ésta el 30 de enero de 1922 rindió su decisión así:

1. No admitió como deducción la suma de $5,153.99, por pagarés declarados incobrables.

2. Admitió como deducción el importe de bonos de los Estados Unidos.

3. Fijó como capital invertido

(a) los beneficios sin distribución del año 1918, ascendentes a $191,665.64 y

(b) la acreencia en cuenta corriente del socio don Gumersindo Suárez ascendente a $200,000;

que de acuerdo con esa decisión, el Tesorero hizo una nueva liquidación, así:

1. Ingreso neto _____ $115, 362. 96
2. Capital invertido_____ 663, 805. 18
3. Contribución a pagar_____ 5, 604. 92

y que la demandante se avino a pagar y pagó la indicada contribución de $5,604.92.

La demandante siguió alegando en su demanda que así las cosas, el 19 de enero de 1925 el Tesorero le notificó que debía pagar la contribución con arreglo a esta nueva liquidación:

1. Ingreso neto _____ $154, 171. 06
2. Capital invertido_____ 663, 805. 18
3. Contribución a pagar_____ 9, 292. 58;

que no conforme la demandante acudió en alzada para ante la junta y ésta el 24 de junio de 1926, decidió su caso como sigue:

1. Ingreso neto _____ $140, 505. 96
2. Capital invertido _____ 272, 138. 54
3. Contribución a pagar_____ 14, 544. 39 ;

que el Tesorero procedió a hacer la liquidación correspondiente, deduciendo de los $14,544.39 los $5,604.92 ya pagados por la demandante, y la demandante pagó bajo protesta la diferencia y acogiéndose a la ley presentó su caso al tribunal.

Alegó entonces la demandante en su demanda que el Tesorero carecía de autoridad para hacer la nueva liquidación de 1925, y que la decisión de la Junta de 1922 tenía y tiene el carácter de final y definitiva.

Por último y para el caso de que se resolviera que el Tesorero y la junta pudieron actuar válidamente en 1925 y 1926, alegó la demandante que la decisión de la junta y consiguiente liquidación del Tesorero eran erróneas porque debiendo considerarse las partidas de $191,665.64 y de $200,000 de que se ha hecho mérito, como ganancias no repartidas, formaban parte del capital invertido de la demandante, de acuerdo con la ley.

Contestó el demandado aceptando la verdad de los hechos alegados pero negando que él y la junta carecieran de autoridad para actuar en la forma en que lo hicieron. Sostuvo que las partidas de $191,665.64 y $200,000 no formaban parte del capital invertido de la compañía demandante, la primera porque pertenecía a una sociedad anterior de la cual la demandante era sólo liquidadora y la segunda porque constituía la acreencia del socio don Gumersindo Suárez por la cual la demandante pagaba al socio intereses.

Como materia nueva alegó el demandado que al admitir la junta la reducción de los intereses pagados al socio Sr. Suárez, tal reducción determinó como consecuencia la del capital en la suma de $200,000; que la suma de $191,665.60

no estaba formada por ganancias de la sociedad demandante, sino por ganancias de otra sociedad que fué disuelta, derivándose los beneficios en gran parte de negocios particulares de los socios de la misma; que en ninguna de las cláusulas del contrato social de la demandante consta que sea la reorganizadora o continuadora de la dicha otra sociedad, apareciendo por el contrario que se encargó de su liquidación, y que el contrato social de la demandante dispone expresamente que se someterá al Código de Comercio, cuerpo legal que contiene el artículo 119 regulador del modo de disolver las sociedades mercantiles.

Alegó además el demandado las siguientes defensas especiales: que la demandante está impedida de impugnar la última resolución de la junta, por haber recurrido ante la misma invocando su amparo y jurisdicción, y que el Código de Comercio prohibe los pactos reservados entre los socios, siendo válidos solamente los que aparecen de la escritura social.

Trabada de tal modo la contienda, fué el pleito a juicio. La corte declaró la demanda sin lugar y la demandante apeló, señalando en su alegato la comisión de cinco errores, cometidos, a su juicio, por la corte, así: 1, error de derecho al declarar que el Tesorero tenía autoridad para verificar la segunda liquidación de 1925 después de transcurridos tres años de la decisión de la junta y sin practicar una nueva investigación; 2, error de derecho al declarar que el Tesorero no estaba obligado a respetar como final y definitiva la decisión de la junta de 1922; 3, error de derecho al declarar que la junta no procedió *ultra vires* al rendir su decisión de 1926; 4, error de derecho al decidir que la demandante estaba impedida de negar la jurisdicción de la junta por haberse acogido a la misma, y 5, error de derecho al declarar que la junta no infringió la sección 18, inciso B, de la Ley No. 43 de 1921, en su resolución de 1926.

Los cuatro primeros errores giran alrededor de una misma cuestión: si el Tesorero y la Junta tuvieron o no

autoridad para reliquidar la declaración de la demandante. Es el último el que presenta la cuestión de fondo. Procederemos al examen de los cuatro primeros.

La ley aplicable es la No. 43 de 1921. Sobre esto no se ha levantado cuestión alguna. Su efecto retroactivo, fijado por ella misma y por la jurisprudencia, no se discute.

Las secciones 41, 42 y 43 de dicha ley son como sigue:

### "Procedimiento para la Imposición de la Contribución

"Sección 41.—Tan pronto como el Tesorero de Puerto Rico reciba una declaración de ingresos, procederá a imponer y a cobrar la contribución que resulte adeudando el contribuyente de acuerdo con su propia declaración.

### "Comprobación de las Declaraciones

"Sección 42.—Tan pronto como fuere posible el Tesorero de Puerto Rico procederá a comprobar la exactitud de las declaraciones de ingresos, mediante el estudio de las declaraciones rendidas por los contribuyents, declaraciones adicionales que solicite, los balances o inventarios y mediante las investigaciones que practique, y determinará el ingreso neto de cada contribuyente y computará el importe de la contribución que deba satisfacer, debiendo notificar de ambas cosas al contribuyente o a su representante legal.

"Sección 43.—Si la cantidad que resultare adeudar el contribuyente, después de hecha la investigación antes referida, fuere mayor que la cantidad pagada de acuerdo con lo dispuesto en la sección 41, el excedente se pagará al Tesorero de Puerto Rico dentro del término de quince días después de haberse enviado por correo la correspondiente notificación."

El procedimiento tal como se sigue en Tesorería es el de imponer inmediatamente la contribución a virtud de la declaración del contribuyente, con el entendido de que puede ser alterada la conclusión a que se llegue si un examen más detenido o alguna investigación ulterior demostraren que no es correcta, tanto en pro como en contra del contribuyente. Es algo que exige el pronto despacho de los asuntos y lo complicado de muchas de las declaraciones que se rinden. Se trata de la aplicación de leyes nuevas y de la considera-

ción de situaciones variadísimas, que requieren detenido estudio.

Por otra parte la contribución debe cobrarse rápidamente, dentro del ejercicio económico, y así en interés del gobierno y del contribuyente y sobre todo de un justo y uniforme cobro del impuesto, es que se ha adoptado tal procedimiento, permitido, a nuestro juicio, por los términos en que está redactada la ley.

Así parece reconocerlo la propia parte apelante, que lo que impugna en verdad es la facultad dentro de las circunstancias del caso, a saber: tres años después de haber actuado no ya el Tesorero sino la junta, y falta de una nueva investigación.

Con respecto al tiempo transcurrido, debe tenerse en cuenta la sección 40 de la citada Ley No. 43 de 1921, que prescribe:

"Cualquier contribución imponible de acuerdo con las disposiciones de esta Ley podrá ser computada e impuesta por el Tesorero dentro de cinco años después de la fecha en que se rindió o debió rendirse la declaración, y no se iniciará ningún procedimiento para el cobro de la referida contribución después de expirados los cinco años.

"En el caso de que con el fin de evadir el pago de la contribución no se rinda la correspondiente declaración de ingresos, y en el caso de declaraciones falsas, el importe de la contribución imponible, podrá ser determinado y cobrada aquélla juntamente con las penalidades que en esta Ley se especifican, en cualquir tiempo, sin limitación alguna."

Mientras no transcurren los cinco años en casos como éste en que no está envuelta la cuestión de fraude, creemos que el Tesorero está en condiciones de actuar. Claro es que debe hacerlo a la mayor brevedad posible, pues los contribuyentes de buena fe no deben ser innecesariamente molestados y en muchos casos una persona que en su oportunidad hubiera podido pagar sin esfuerzos tendría más tarde grandes dificultades para realizar el pago, pero la ley ha fijado un

período de cinco años que debe ser tomado en consideración. El mero transcurso, pues, de tres años, no quitó en este caso autoridad para actuar al Tesorero.

Con respecto a si se llevó a efecto o no una nueva investigación, dice la corte de distrito, apreciando la prueba practicada:

"El testigo Carlos F. Figueras empleado del negociado de contribuciones sobre ingresos, declaró que se practicaron tres investigaciones en los libros de la compañía, siendo la última el 17 de enero, 1922, y finalmente se hizo el reajuste de la liquidación anterior que se notificó el 19 de enero, 1925; y nada hay en la prueba que demuestre que el Tesorero de Puerto Rico actuara caprichosa o arbitrariamente para computar e imponer la contribución, presumiéndose, a falta de prueba en contrario, de acuerdo con el artículo 102, apartado 15, de la Ley de Evidencia, que él cumplió con regularidad los deberes de su cargo."

█ Ahora bien, estableciendo como establece la ley que las resoluciones de la junta son finales ¿pudo el Tesorero y la propia junta después, intervenir de nuevo en el asunto?

La corte de distrito estimó que las resoluciones de la junta eran finales en cuanto al contribuyente que agotaba con ellas la vía gubernativa, quedándole aún la judicial mediante el pago bajo protesta, pero no lo eran en cuanto al Tesorero, y a nuestro juicio tal interpretación es lógica y permite que funcione debidamente todo el mecanismo de la ley. Si un contribuyente no está conforme con la liquidación del Tesorero, acude en alzada a la junta. Esta basa generalmente su investigación sobre la declaración del contribuyente y la conclusión del Tesorero. Se trata de un recurso rápido, dentro de la misma rama ejecutiva del Gobierno, que puede decidirse en pocos meses, quizá en algunos días. Si el recurso hubiera estado llamado a impedir la nueva acción del Tesorero, no se habría fijado para ésta un término de cinco años.

La verdad es que el de la demandante es un caso extremo que ocurrirá muy pocas veces, pues existieron dos oportu-

nidades para clasificar debidamente las partidas de que se trata, pero creemos que si la última clasificación es la verdaderamente propia, ello justifica la conducta del Tesorero y de la junta. No hay arbitrariedad en cobrar todo lo que se debe. Cuando el contribuyente hace su primer pago, sabe que es en cierto modo provisional, pues su declaración está sujeta a ulterior investigación. Casos se han dado en que a virtud de esa ulterior investigación se ha devuelto al contribuyente parte de lo que pagara primero.

Habiendo llegado a la conclusión de que el Tesorero pudo actuar válidamente en este caso en el año de 1925, creemos que se impone la conclusión de que también pudo hacerlo la junta, especialmente habiendo acudido como acudió en alzada ante ella el propio contribuyente.

█ Alega éste que no tenía otro remedio. No estamos conformes. Si se trataba de un caso de falta de jurisdicción por parte del Tesorero, las puertas de las cortes estaban abiertas para dilucidarlo.

Reconocido el poder del Tesorero y de la junta, veamos ahora si fué o no debidamente ejercitado.

La sección 18, inciso (b), de la Ley No. 43 de 1921 que la apelante alega que infringió la junta, dice:

"El término 'capital invertido' tal como se emplea en esta sección significa:

"" *    *    *    *    *    *    *

"(b) En el caso de sociedades, significa el capital aportado por los socios de acuerdo con la contrata social más las acreencias de éstos procedentes de ganancias liquidadas pero no repartidas, que existían al comenzar el año contributivo a que el ingreso corresponde, y que figuran en el libro de inventario y en el pasivo de la sociedad y que no hayan sido retiradas durante el año contributivo."

De acuerdo, pues, con la ley, para que cualquiera cantidad que figure en la declaración del contribuyente pueda ser considerada como capital invertido, tiene que ser, en casos de sociedades, bien aportada por los socios de acuerdo con el contrato social o ya acreencia de los socios procedente de

ganancias líquidas pero no repartidas que exista al comenzar el año contributivo correspondiente y que figure en el libro de inventario y en el pasivo de la sociedad y no haya sido retirada durante el año contributivo.

No hay duda alguna que ninguna de las dos cantidades en cuestión fué aportada como capital según el contrato social, por ninguno de los socios, pero se sostiene por la apelante que forman parte del capital invertido porque proceden de ganancias líquidas no repartidas.

Oigamos otra vez al juez sentenciador analizando la prueba a la luz de la ley que se supone infringida. Dice:

"La prueba ha demostrado que por escritura de 1ro. de abril, 1919, otorgada ante el notario don Francisco de la Torre y Garrido, fué constituída la sociedad mercantil 'Sucesores de L. Villamil y Compañía, Sociedad en Comandita,' por el término de 4 años, prorrogable, con un capital de $200,000.00, en el que corresponde a don Gumersindo Suárez García $60,000, don Manuel Lomba y Peña $30,000, a don Enrique Mitjans Juliá $30,000, a don José León Núñez $30,000, a doña Mercedes Fernández y Fernández $20,000, a don Celso Suárez Pico $7,500; a don Enrique Vilá Gama $7,500, a don Ramón García Cobián $7,500, y a don Bartolomé Esteva Flaquer $7,500; habiendo hecho todos la aportación de aquel capital efectivo, créditos a favor, mobiliario, existencias, y en bienes inmuebles; y que dicha sociedad se hizo cargo del activo y pasivo de otra que con el mismo nombre terminó el 31 de marzo, 1918, y la cual se había constituído por escritura de primero de abril, 1914, por los socios, Gumersindo Suárez García, Manuel Lomba Peña, José León Núñez, Enrique Mitjans Juliá, y Mercedes Fernández y Fernández.

"La anterior sociedad, por la escritura de 1914, quedó disuelta el 31 de marzo, 1918, y nótese que en la nueva sociedad, por la escritura de 1918, ingresaron 4 nuevos socios, con un capital cada uno de $7,500.00.

"No aparece de la mencionada escritura de 1918, que es el documento contentivo de los pactos y condiciones de la compañía, pues no pueden hacerse por los socios pactos reservados, conforme el art. 119 del Código de Comercio, que el socio don Gumersindo Suárez García aportara a la sociedad ninguna otra cantidad que la suma de $60,000, ni que los $200,000 en cuenta corriente fuera una *acreencia no repartida*, pues de la prueba resulta que dichos $200,000

procedían de ganancias liquidadas de la anterior sociedad, las cuales habían sido repartidas desde el momento preciso en que la entidad social demandante pagaba intereses al socio por dicha suma, habiéndosele deducido del ingreso bruto para la imposición de la contribución, la cantidad de $12,725.48 por intereses pagados sobre acreencias del referido socio don Gumersindo Suárez, por el año 1919 y por el mismo concepto la suma de $13,665.10 del año 1920; y siendo esto así, dicha cantidad de $200,000, sobre la cual ha pagado intereses la demandante, no es propiedad de ésta y sí del socio que la había dejado en préstamo y por cuyo motivo se encontraba en poder de la sociedad.

"Y en cuanto a los beneficios sin distribuir de la anterior sociedad, correspondiente al año 1918, ascendentes a $191,665.64, la situación es igual que los $200,000 del socio don Gumersindo Suárez, con la única diferencia de que sobre esta suma la sociedad no pagaba intereses, pues del contrato social, o sea la escritura de 1ro. de abril, 1918, no aparece como aportación al capital de la sociedad, ni son acreencias de la sociedad procedentes de ganancias de la misma liquidadas y no repartidas, y por tanto es concluyente que dicha suma de $191,665.64 no llena los requisitos que exige el apartado (b) de la sección 18, de la citada Ley de 1921.''

Los hechos a que el juez se refiere tienen justificación cumplida en los autos y su razonamiento nos parece lógico. En su alegato la parte apelante no cita jurisprudencia, ni precedente alguno que destruya la fuerza de dicho razonamiento. Tampoco los argumentos originales que expone nos convencen de lo contrario.

Creemos, pues, que la contribución fué debidamente calculada e impuesta y en su consecuencia propiamente declarada sin lugar la demanda.

*Debe confirmarse la sentencia recurrida.*